# IN THE SUPREME COURT OF THE STATE OF NEVADA

CORDIAL LESHUN SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68213

FILED

MAY 09 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery, conspiracy to commit burglary, burglary while in possession of a firearm, assault with a deadly weapon, and attempted robbery with use of a deadly weapon. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Appellant first contends that the district court erred when it admitted into evidence a still photograph showing a gun pointed in a victim's face that was taken from a surveillance video after the court had previously excluded the surveillance video because of its late disclosure. The district court allowed the photograph to be admitted because appellant's counsel had opened the door to the evidence during opening statements by implying that a gun was never pointed in one of the victim's faces. Appellant argues that his counsel did not open the door to this evidence because her opening statement was not evidence and because her statement regarding the victim's testimony went to whether the victim feared for his life rather than whether the gun was pointed in his face. Because the opening statement may have cast doubt as to whether the gun was pointed in the victim's face, the district court did not abuse its discretion in admitting the still photograph from the surveillance video. *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) ("We

review a district court's decision to admit or exclude evidence for an abuse of discretion."); *see also Cordova v. State*, 116 Nev. 664, 670, 6 P.3d 481, 485 (2000) (explaining that a defendant may open the door, permitting the State to introduce evidence that it could not otherwise offer); *Bergeron v. State*, 913 So. 2d 997, 1002 (Miss. Ct. App. 2005) (providing that "the defendant may 'open the door' by mentioning during opening statements the evidence which they are seeking to be excluded from the prosecution's case-in-chief, thus giving the prosecution the opportunity to incorporate the evidence into its case-in-chief").

Appellant next asserts that the district court erred in admitting his jail phone call into evidence because the State failed to lay the proper foundation establishing the identity of the other party and because the statements made during the phone call were hearsay. The State laid a proper foundation establishing that the person on the call was appellant's coconspirator because the State demonstrated that it was the coconspirator's phone number and the police detective testified that it was the coconspirator's voice. *See* NRS 52.065 (providing that a voice "is sufficiently identified by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker"); *see also Thomas v. State*, 114 Nev. 1127, 1148, 967 P.2d 1111, 1124 (1998) (explaining that foundation is satisfied by "'evidence sufficient to support a finding that the matter in question is what its proponent claims'" (quoting *U.S. v. Workinger*, 90 F.3d 1409, 1415 (9th Cir. 1996)). Because the statements were made by the coconspirator and appeared to deal with having a victim change his testimony, those statements were not hearsay as they were made in furtherance of the conspiracy. NRS 51.035(3)(e) (providing that a statement made by co-conspirator in furtherance of the conspiracy is not hearsay); *Crew v. State*, 100 Nev. 38, 46, 675 P.2d 986,

991 (1984) (explaining that "the duration of a conspiracy is not limited to the commission of the principal crime, but extends to affirmative acts of concealment"). Thus, the district court did not abuse its discretion in admitting the jail phone call. *Mclellan*, 124 Nev. at 267, 182 P.3d at 109.

Lastly appellant contends that the district court abused its discretion in overruling his objection to his codefendant arguing prejudicial facts that were not in evidence during his closing argument. Although the district court overruled appellant's objection, the court nonetheless limited appellant's codefendant's closing argument to facts in evidence. Thus, we conclude that the district court did not abuse its discretion in overruling appellant's objection. *See Glover v. Eighth Judicial Dist. Court*, 125 Nev. 691, 704, 220 P.3d 684, 693 (2009) (explaining that this court reviews the latitude allowed counsel in a closing argument for an abuse of discretion). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc: Hon. Jessie Elizabeth Walsh, District Judge
Gregory & Waldo
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk